UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY JB DICK,

          Plaintiff,

    v.

UNIVERSITY OF WASHINGTON, *et al.*,

          Defendants.

CASE NO. 2:21-cv-00805-RAJ-JRC

ORDER GRANTING EXTENSION AND AMENDING SCHEDULING ORDER

    This matter is before the Court on plaintiff's motion to amend the scheduling order by extending the deadline to amend pleadings, which is currently January 17, 2022. Dkt. 47.

    Plaintiff initiated this matter by filing a complaint in state court on May 21, 2021, which defendants later removed to this Court. *See* Dkt. 1, at 1. In July 2021, plaintiff amended the complaint. Dkt. 14. As amended, he asserts claims against the University of Washington for defamation, tortious interference with business relationships, and gender discrimination in violation of Title IX and state law and against three individual defendants for violation of equal protection and due process. *See generally* Dkt. 14. Defendants filed motions to dismiss these

1  claims, and in October 2021, the undersigned issued a Report and Recommendation on the

2  motions.  *See* Dkt. 29.  The Report and Recommendation recommended granting the

3  University's motion in part and denying it in part and granting the individual defendants' motion

4  to dismiss, with leave to amend certain claims.  Dkt. 29, at 25.  That Report and

5  Recommendation is currently still pending before the District Court.  No answer has yet been

6  filed, and as noted above, the Court's scheduling order required plaintiff to file any amended

7  complaints or requests to amend his complaint on or before January 17, 2022.  Dkt. 23.

8       Plaintiff requested extension of the deadline to amend his complaint on January 6, 2022,

9  but the Court struck his motion because it failed to comply with the Court's requirement that the

10 parties meet and confer in advance of filing the motion.  *See* Dkts. 40, 46.  On January 20, 2022,

11 plaintiff renewed his motion, requesting that the deadline be moved to April 2022.  Dkt. 47.

12 Defense counsel has provided his declaration that the attorneys conferenced on January 20, 2022,

13 regarding plaintiff's request but were unable to reach agreement.  Dkt. 50, at 1.

14      Plaintiff requests extension of the deadline to amend his complaint while he exhausts

15 administrative remedies related to a claim under 41 U.S.C. § 4712 that he anticipates bringing.

16 Dkt. 47, at 2.  Initially, plaintiff's counsel provided evidence that an administrative decision on

17 his claim would not be forthcoming until at least April 4, 2022 (30 days after a scheduled March

18 4, 2022 administrative hearing).  *See* Dkt. 53, at 2.  Plaintiff's counsel has advised the Court that

19 the administrative decision was recently postponed to April 15, 2022, so that a final decision

20 would not be forthcoming until at least May 15, 2022.  *See* Dkt. 53, at 2, 4.  Plaintiff asserts, and

21 defendants do not challenge, that he must exhaust administrative remedies before bringing his

22 claim in this Court.  Dkt. 47, at 2; Dkt. 49, at 4.

Defendants oppose the motion on the basis that they will be prejudiced by extending the deadline because the discovery cutoff will remain in May 2022 and that plaintiff delayed starting the administrative exhaustion process by waiting two years to pursue his claim at the administrative level. *See generally* Dkt. 49.

If the District Court adopts the undersigned's report and recommendation, an amended complaint will be allowed. Moreover, to the extent that plaintiff seeks to add claims not addressed in the District Court's order, plaintiff must still obtain leave of court, and defendants will have an opportunity to oppose any request for amendment. Although there has been some delay in plaintiff's pursuit of administrative remedies, plaintiff asserts that any § 4712 claim would still be brought within the applicable statute of limitations. Dkt. 44, at 4. Nor has the Court set a trial date in this matter at this time. These circumstances mitigate in favor of allowing the extension.

Defendants argue that they will suffer prejudice from extending the amendment deadline since it will be soon before the discovery cutoff. Indeed, from plaintiff's recently updated declaration, which states that the administrative decision has been delayed, it appears that he now seeks a deadline for amending pleadings that would be no earlier than May 30, 2022. This would be after the current discovery cutoff of May 22, 2022. However, prejudice from such a schedule can be cured by the Court extending the discovery cutoff and dispositive motions deadline.

Under these circumstances, the Court finds that plaintiff has shown good cause for his extension request (*see* Local Civil Rule 7(j)) and amends the scheduling order (Dkt. 23) as follows: the deadline to amend pleadings is May 30, 2022. The discovery cutoff is June 27, 2022, and the dispositive motions filing deadline is July 25, 2022.

1   The parties shall otherwise comply with the scheduling order previously entered in this
2   matter. Dkt. 23.

3   Dated this 23rd day of February, 2022.

*(signature)*

J. Richard Creatura
Chief United States Magistrate Judge